# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# LAREDO DIVISION

|  |  |
|---|---|
| **IN RE APPLICATION OF THE ASSOCIATED PRESS, GANNETT CO., INC., GRAY MEDIA GROUP, INC., HEARST CORPORATION, AND THE TEXAS TRIBUNE TO UNSEAL COURT RECORDS** | Misc. Action No. 5:22-mc-00111<br>Hon. Andrew M. Edison |

## MOTION OF THE ASSOCIATED PRESS, GANNETT CO., INC., GRAY MEDIA GROUP, INC., HEARST CORPORATION, AND THE TEXAS TRIBUNE TO UNSEAL SEALED RESPONSE OF THE UNITED STATES

Katie Townsend
(S.D. Texas Bar No. 3547279)
ktownsend@rcfp.org
Grayson Clary*
gclary@rcfp.org
REPORTERS COMMITTEE FOR
 FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, DC 20005
Phone: 202.795.9300
Facsimile: 202.795.9310

*Admitted pro hac vice*

*Counsel for Applicants The Associated Press, Gannett Co., Inc., Gray Media Group, Inc., Hearst Corporation, and The Texas Tribune*

# TABLE OF CONTENTS

STATEMENT OF THE ISSUES ............................................................................. 1

CERTIFICATE OF CONFERENCE ...................................................................... 2

SUMMARY OF ARGUMENT ............................................................................... 3

FACTUAL AND PROCEDURAL BACKGROUND ............................................ 4

ARGUMENT........................................................................................................... 5

I.     The public has a presumptive common law and First Amendment right of access to the Government's response, and the Government cannot demonstrate that countervailing interests justify wholesale sealing here........ 5

II.    The wholesale sealing of the Government's response would deny Applicants the opportunity to answer it that both the First Amendment and due process demand. ..................................................................................................10

CONCLUSION .....................................................................................................12

CERTIFICATE OF SERVICE..............................................................................13

## STATEMENT OF THE ISSUES

1.     Whether, after "undertak[ing] a 'document-by-document, line-by-line balancing of the public's common law right of access [to judicial records] against the interests favoring nondisclosure'" on the facts of this particular case, *June Medical Servs., LLC v. Phillips*, 22 F.4th 512,  521 (5th Cir. 2022) (quoting *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021)), the Government has demonstrated that the wholesale sealing of its response is justified.

2.     Whether the Government has demonstrated that the wholesale sealing of its response "is essential to preserve higher values and is narrowly tailored to serve that interest," despite the obvious less-restrictive alternative of redaction, so as to overcome the public's presumptive First Amendment right of access.  *In re Hearst Newspapers, LLC*, 641 F.3d 168, 181 (5th Cir. 2011) (citations omitted).

3.     Whether the wholesale sealing of the Government's response would deny Applicants the meaningful "opportunity to be heard" that both the First Amendment and due process require.  *In re Hearst Newspapers LLC*, 641 F.3d at 186; *see also United States v. Abuhamra*, 389 F.3d 309, 322 (2d Cir. 2004).

1

## CERTIFICATE OF CONFERENCE

Pursuant to Rule 6(C)(2) of this Court's procedures, counsel for Applicants conferred with counsel for the United States by email on Monday, September 12 to obtain its position on the requested relief.  The United States opposes this motion.

## SUMMARY OF ARGUMENT

The Associated Press, Gannett Co., Inc., Gray Media Group, Inc., Hearst Corporation, and the *Texas Tribune* ("Applicants") respectfully move this Court for an order unsealing the sealed response of the United States ("the Government") in this matter, or, in the alternative, for an order requiring the Government to file a redacted version of its sealed response on the public docket.  Applicants also request that the Court grant Applicants leave to reply to the arguments made by the Government in its sealed response within seven (7) days from the date on which the unsealed or redacted version of that response is placed on the public docket.

The Government's desire to litigate this matter in secret cannot be squared with the common law and First Amendment rights of access to judicial records, and it flies in the face of the principle that "[o]ur adversarial legal system generally does not tolerate ex parte determinations on the merits" of a party's claims. *Application of Eisenberg*, 654 F.2d 1107, 1112 (5th Cir. Unit B 1981) (so noting in a civil case).  As discussed in more detail below, only a few months ago, the U.S. Court of Appeals for the D.C. Circuit ordered a district court to reconsider— among other errors—its decision to deny an application to unseal warrant materials related to a sitting member of Congress without providing the applicant any access to the Government's opposition.  *See In re Los Angeles Times Commc'ns LLC*, 28 F.4th 292, 298–99 (D.C. Cir. 2022).  This Court should likewise reject the

3

Government's effort to deny Applicants a fair adjudication of their claims and the public any opportunity to understand the basis for this Court's ultimate decision.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 16, 2022, Applicants filed an application for an order unsealing certain court records related to search warrants obtained pursuant to Federal Rule of Criminal Procedure 41 and executed at the Laredo home and campaign office of U.S. Representative Henry Cuellar on January 19, 2022.  *See* ECF No. 1.  In that application, Applicants canvassed the extensive information already in the public domain about those searches, including the statement of a spokesperson for the FBI, *see* Valerie Gonzalez, *FBI Probe Targets Rep. Cuellar's Home, Campaign HQ in Laredo*, The Monitor (Jan. 19, 2022), https://perma.cc/R28U-T86V; the fact that the searches were witnessed by members of the press and public, *see id.*; Rep. Cuellar's own acknowledgement of the investigation, *see* Patrick Svitek, *After FBI Raid, U.S. Rep. Henry Cuellar Says Investigation Will Prove "No Wrongdoing on My Part"*, Tex. Trib. (Jan. 25, 2022), https://perma.cc/6UDLNHUS; and media reporting about the nature and scope of the investigation, *see, e.g.,* Mike Levine*, Feds Issue Subpoenas Seeking Records Related to Rep. Cuellar and His Wife, Associates,* ABC News (Jan. 21, 2022), https://perma.cc/3378-CQ4S.

This Court ordered the Government to respond to the Application by September 9, 2022, contemplating that Applicants would reply by September 16,

2022.  *See* ECF No. 5.  On September 9, the Government filed its response entirely under seal; if an accompanying motion to seal that response was filed, it too is sealed and is not reflected on the public docket in this matter.  *See* ECF No. 7.

## ARGUMENT

**I.  The public has a presumptive common law and First Amendment right of access to the Government's response, and the Government cannot demonstrate that countervailing interests justify wholesale sealing here.**

As Applicants' initial petition explained, "[t]he public's right of access to judicial records is a fundamental element of the rule of law."  *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021) (quoting *In re Leopold to Unseal Certain Elec. Surveillance Applications & Orders*, 964 F.3d 1121, 1123 (D.C. Cir. 2020) (Garland, J.)).  The public has a presumptive right of access to the Government's response under both the common law and the First Amendment.  *See, e.g.*, *In re Los Angeles Times Commc'ns LLC*, 28 F.4th at 296 (common law presumption attaches to opposition to a motion to unseal); *United States v. Index Newspapers LLC*, 776 F.3d 1072, 1096 (9th Cir. 2014) (First Amendment presumption attaches to records filed in connection with a motion to unseal).

Not only have "[m]otions to unseal judicial proceedings and orders ruling on those motions . . . historically been accessible to the public," but "[l]ogic also dictates that the record of these types of proceedings should be open to the public because the very issue at hand is whether the public should be excluded or

5

included in various types of judicial proceedings." *Index Newspapers*, 766 F.3d at 1096; *see also In re Copley Press*, 518 F.3d 1022, 1026 (9th Cir. 2008) (recognizing First Amendment right of access to "the government's motion, and the memoranda filed in support of it," to seal judicial records).  Were it otherwise, there would be no real sense in which the public could have its constitutionally mandatory "opportunity to be heard" on the sealing of judicial records, *In re Hearst Newspapers LLC*, 641 F.3d 168, 186 (5th Cir. 2011), because the public would have no chance "to correct or contradict arguments or evidence offered" in support of secrecy, *United States v. Abuhamra*, 389 F.3d 309, 322 (2d Cir. 2004).

The Government cannot demonstrate that either the common law or First Amendment presumption of access is overcome with respect to the entirety of its response.  *See Binh Hoa Le*, 990 F.3d at 419 (emphasizing that sealing must be justified "line-by-line" (internal citation omitted)).  Indeed, it appears from the public docket that that Government has not even attempted to make such a showing because no motion to seal its response was filed—forcing Applicants to resort to this motion to unseal without any insight into the arguments the Government believes justify secrecy.  *Contra, e.g.*, *In re Washington Post*, 807 F.2d 383, 392 (4th Cir. 1986) (holding, for purposes of procedural due process, that availability of a motion to unseal improperly sealed documents after the fact "does not cure the lack of an opportunity" to oppose sealing in the first instance).

Even setting aside the Government's failure to carry its burden, the secrecy it seeks is unwarranted.  It is a routine expectation of transparency litigation that the Government be prepared "to justify its actions without compromising its original withholdings by disclosing too much information." *Judicial Watch, Inc. v. FDA*, 449 F.3d 141, 146 (D.C. Cir. 2006).  As a result, the Government routinely files public briefs—subject to redactions if necessary—in cases that touch on the nation's most sensitive secrets, an approach that gives due weight to the public's "strong interest in monitoring . . . the positions that its elected officials and government agencies take in litigation." *Doe v. Public Citizen*, 749 F.3d 246, 271 (4th Cir. 2014).  Indeed, the Government recently filed an exceptionally public response to a motion to unseal warrant materials related to an ongoing investigation of a former public official—former President Donald Trump—in the U.S. District Court for the Southern District of Florida.  *See* United States' Omnibus Response to Motions to Unseal, *In re Sealed Search Warrant*, No. 22-mj-8332 (S.D. Fla. Aug. 15, 2022) (ECF No. 59) ("Mar-a-Lago Response").

The suggestion that the Government cannot say a single word in public in *this* case is unserious.  For one, similarly strong public interests weigh heavily in favor of transparency here.  As the Government itself explained in the Mar-a-Lago matter, the public has a "clear and powerful interest" in understanding law enforcement actions that "concern[] public officials or public concerns."  United

7

States' Motion to Unseal Limited Warrant Materials at 4, *In re Sealed Search Warrant*, No. 22-mj 8332 (S.D. Fla. Aug. 11, 2022) (ECF No. 18) (quoting *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007)) ("Mar-a-Lago Motion"); *see also Bradley ex rel AJW v. Ackal*, 954 F.3d 216 (5th Cir. 2020) (holding that interest in public access to court records is heightened where records "involve[] public officials"). And here, just as in that case, "the occurrence of the search and indications of the subject matter involved are already public," thanks to both media reporting and the acknowledgement of the public official at issue. Mar-a-Lago Motion, *supra*, at 3; *see also* Mar-a-Lago Response, *supra*, at 7.

Against that backdrop, no countervailing interest the Government might claim could require sealing every sentence of its response. Public access to the Government's characterization of the *kinds* of interests it claims are at stake in unsealing the records at issue would not jeopardize those interests; the Government can argue that the warrant materials reference witnesses without naming any. *See* Mar-a-Lago Response at 8. But the public cannot hope to understand this Court's ultimate decision without any sense of the interests the Government has cited in support of secrecy, and therefore without insight into "which parts of those materials persuaded the court and which failed to do so (and why)." *MetLife, Inc. v. Financial Stability Oversight Council*, 865 F.3d 661, 668 (D.C. Cir. 2017) (Garland, J.). The point is even starker with respect to the Government's positions

on pure questions of law—on whether, for instance, the First Amendment presumption of access attaches to pre-indictment warrant materials.  There is no legitimate interest in concealing the Government's legal position as to that issue, *see* Mar-a-Lago Response at 4 n.3 (denying in a public filing that the presumption attaches), but maintaining it under seal will prejudice Applicants' ability to reply.

Finally, it bears underlining that the D.C. Circuit recently rejected an identical gambit in another matter involving access to warrant materials related to a sitting member of Congress.  *See In re Los Angeles Times Commc'ns LLC*, 28 F.4th at 298.  There, in response to an application to unseal warrant materials related to the Government's investigation of Sen. Richard Burr, the Government persuaded a district court not only to maintain those warrant materials under seal but also to seal the Government's opposition to unsealing in its entirety, on the theory that the Government had not yet acknowledged the investigation—even though, as here, the investigation was the subject of extensive reporting and Sen. Burr himself had commented publicly on it.  *See id.* at 295–96.  The D.C. Circuit remanded, explaining that the district court erred in "plac[ing] almost no weight on the extensive media reporting relating to the Justice Department investigation, including the Senator's own acknowledgement of the investigation."  *Id.* at 298.

The Government encourages this Court to invite reversal on the same ground here.  The right-of-access analysis requires close consideration of *all* of "the

relevant facts and circumstances of the particular case." *United States v. Sealed Search Warrants*, 868 F.3d 385, 390 (5th Cir. 2017) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).  And the fact is that the public already knows a great deal about the searches—and the investigation—to which these court records relate:  They read about it in their newspapers, they saw the searches with their own eyes, and they heard Rep. Cuellar confirm as much.  This Court should reject the Government's effort to defend secrecy that does not exist.

## II.    The wholesale sealing of the Government's response would deny Applicants the opportunity to answer it that both the First Amendment and due process demand.

Independent of the public's right of access to the Government's response, its wholesale sealing would deny Applicants the opportunity to respond that both the First Amendment and due process require.  *See In re Hearst Newspapers LLC*, 641 F.3d at 181 (requirements of due process attach to adjudication of claims for access to judicial proceedings and records).  "[F]airness can rarely be obtained by secret, one-sided determination of facts decisive of rights."  *Joint Anti-Fascist Refugee Comm. v. McGrath*, 341 U.S. 123, 170 (1951) (Frankfurter, J., concurring).  As a result, only "the most extraordinary circumstances" can justify "court reliance upon *ex parte* evidence to decide the merits of a dispute."  *Abourezk v. Reagan*, 785 F.2d 1043, 1061 (D.C. Cir. 1986).  So too in the unsealing context in particular.  *See In re Los Angeles Times Commc'ns LLC*, 28 F.4th at 298–99

(instructing district court on remand to reconsider applicant's contention "that it was fundamentally disadvantaged by the court's decision to seal the government's opposition memorandum" (internal quotation marks and alterations omitted)).

That rule is rooted in recognition that "due process demands that the individual and the government each be afforded the opportunity not only to advance their respective positions but to correct or contradict arguments offered by the other." *Abuhamra*, 389 F.3d at 322.  The Government's contrary approach risks fundamentally distorting the litigation by placing before the Court arguments that have not confronted "the crucible of meaningful adversarial testing." *United States v. Cronic*, 466 U.S. 648, 656 (1984).  Indeed, on the Government's preferred model, neither Applicants nor the public would ever know if this Court's ultimate decision was influenced by contentions that Applicants could have persuasively answered in a reply.  That result is unreasonable, and this Court should reject it.

At base, "[p]ublic confidence [in our judicial system] cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decision sealed from public view." *Sealed Search Warrants*, 868 F.3d at 395 (second alteration in original) (citations omitted).  That consideration applies with full force to the Government's sealed response, just as it does to the underlying warrant materials that Applicants have moved to unseal in this case.

11

## CONCLUSION

For the foregoing reasons, Applicants respectfully ask the Court to enter an order unsealing the Government's response or, in the alternative, requiring the Government to file a redacted version on the public docket.  Applicants also request that the Court grant Applicants leave to reply to the arguments made by the Government in its sealed response within seven (7) days from the date on which the unsealed or redacted version of that response is placed on the public docket.

Dated: September 12, 2022                 Respectfully submitted,

*s/ Katie Townsend*
  Katie Townsend
  Attorney-in-Charge
  (S.D. Texas Bar. No. 3547279)
  ktownsend@rcfp.org
  Grayson Clary*
  gclary@rcfp.org
  REPORTERS COMMITTEE FOR
    FREEDOM OF THE PRESS
  1156 15th St. NW, Suite 1020
  Washington, DC 20005
  Phone: 202.795.9300
  Facsimile: 202.795.9310

  * *Admitted pro hac vice*

  *Counsel for Applicants The Associated*
  *Press, Gannett Co., Inc., Gray Media*
  *Group, Inc., Hearst Corporation, and The*
  *Texas Tribune*

12

## CERTIFICATE OF SERVICE

I, Katie Townsend, hereby certify that on the 12th day of September, 2022, a copy of the foregoing was filed electronically using this Court's CM/ECF system.

Dated: September 12, 2022          Respectfully submitted,

*s/ Katie Townsend*
Katie Townsend
REPORTERS COMMITTEE FOR
  FREEDOM OF THE PRESS

*Counsel for Applicants The Associated Press, Gannett Co., Inc., Gray Media Group, Inc., Hearst Corporation, and The Texas Tribune*