**REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS**

1156 15th St. NW, Suite 1020
Washington, D.C. 20005
(202) 795-9300 • www.rcfp.org

Bruce D. Brown, Executive Director
bbrown@rcfp.org • (202) 795-9301

**STEERING COMMITTEE CHAIRMAN**
STEPHEN J. ADLER
**STEERING COMMITTEE MEMBERS**
WOLF BLITZER
*CNN*
DAVID BOARDMAN
*Temple University*
THEODORE J. BOUTROUS, JR.
*Gibson, Dunn & Crutcher LLP*
MASSIMO CALABRESI
*Time Magazine*
LYNETTE CLEMETSON
*University of Michigan*
MANNY GARCIA
*Austin American-Statesman*
EMILIO GARCIA-RUIZ
*San Francisco Chronicle*
JOSH GERSTEIN
*POLITICO*
ALEX GIBNEY
*Jigsaw Productions*
SUSAN GOLDBERG
*National Geographic*
GAIL GOVE
*NBCUniversal*
JAMES GRIMALDI
*The Wall Street Journal*
LAURA HANDMAN
*Davis Wright Tremaine*
DIEGO IBARGÜEN
*Hearst*
JEREMY JOJOLA
*9NEWS Colorado*
KAREN KAISER
*Associated Press*
KIMBRIELL KELLY
*The Los Angeles Times*
DAVID LAUTER
*The Los Angeles Times*
MARGARET LOW
*WBUR*
COLLEEN MCCAIN NELSON
*The McClatchy Company*
MAGGIE MULVIHILL
*Boston University*
JAMES NEFF
*The Philadelphia Inquirer*
NORMAN PEARLSTINE
THOMAS C. RUBIN
*Stanford Law School*
BRUCE W. SANFORD
*BakerHostetler, retired*
CHARLIE SAVAGE
*The New York Times*
JENNIFER SONDAG
*Bloomberg News*
NABIHA SYED
*The Markup*
ADAM SYMSON
*The E.W. Scripps Company*
PIERRE THOMAS
*ABC News*
MATT THOMPSON
*The New York Times*
VICKIE WALTON-JAMES
*NPR*
SUSAN ZIRINSKY
*CBS News*

**HONORARY LEADERSHIP COUNCIL**
J. SCOTT APPLEWHITE, *Associated Press*
CHIP BOK, *Creators Syndicate*
DAHLIA LITHWICK, *Slate*
TONY MAURO, *American Lawyer Media, retired*
JANE MAYER, *The New Yorker*
ANDREA MITCHELL, *NBC News*
CAROL ROSENBERG, *The New York Times*
PAUL STEIGER, *ProPublica*
SAUNDRA TORRY, *Freelance*
JUDY WOODRUFF, *the PBS NewsHour*

*Affiliations appear only for purposes of identification.*

Submitted via ECF                                                                      November 18, 2022

The Honorable Andrew M. Edison
United States District Court for the Southern District of Texas
601 Rosenberg, Seventh Floor
Galveston, TX 77550

Re:     *In re Application of the Associated Press et al.* (5:22-mc-00111)

    The Associated Press, Gannett Co., Inc., Gray Media Group, Inc., Hearst Corporation, and the Texas Tribune ("Applicants") appreciate this opportunity to address the Government's request—made at the November 10, 2022 status conference—that the Court permit it to file, over Applicants' objection, a new judicial record containing information compiled from its opposition briefing, *see* ECF Nos. 7, 9, rather than order unsealed with tailored redactions the Government's opposition briefs themselves. That request should be denied.

    The Government's proposal has no support in law and conflicts with the basic logic of the right of access, which guarantees the public the "right to inspect" particular judicial records. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). Moreover, the Government's proposal would advance no legitimate interest on the facts of this case. For the reasons below and in Applicants' prior filings, *see* ECF No. 8, Applicants respectfully urge the Court to unseal the Government's opposition filings, subject—at most—to any tailored redactions for which the Government can prove a compelling need.

**I.     The Government's proposal has no support in law or practice.**

    Applicants are aware of no authority supporting the Government's request to create a new judicial record in lieu of submitting proposed redactions to the opposition briefing that Applicants moved to unseal. And for good reason: The right of access attaches to the documents actually "used in the performance of Article III functions." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995); *see also Nixon*, 435 U.S. at 609 (distinguishing the question of access to the contents of the Nixon tapes from access to "*these copies*" (emphasis added)); *N.J. Media Group, Inc. v. United States*, 836 F.3d 421, 433 (3d Cir. 2016) ("[T]he mere fact that [one judicial record] includes information that could also have been included in [a different one] does not turn it into one.").

    It bears underlining that even to permit redaction of the Government's briefing is an extraordinary step in its own right; as any number of courts have observed, "[a] motion to seal itself should not generally require sealing or redaction because litigants should be able to address the applicable standard without specific reference to confidential information." *Tequan Doe v. City of New York*, No. 1:22-cv-7910, 2022 WL 15153410, at *4 (S.D.N.Y. Oct. 26, 2022) (internal citation omitted) (collecting cases). The Government has yet to

explain why, in its view, that general rule is not applicable here.

The Government's novel proposal is also a departure from its own past practice in similar cases. To cite the most relevant example, the Government filed a public, redacted version of its appellate brief in its unsuccessful effort to block the unsealing of warrant materials related to an insider-trading investigation of Senator Richard Burr, even though it insisted there (as it does now) on remaining coy about the existence *vel non* of those warrant materials and the investigation to which they related. *See* Redacted Appellee Brief, *In re Los Angeles Times Commc'ns LLC*, No. 21-5128 (D.C. Cir. Nov. 18, 2021).

As the Burr matter also makes clear, access to the Government's redactions in context is vital to ensuring that the Government's contentions receive the "line-by-line" scrutiny the law demands. *Binh Hoa Le v. Exeter Finance Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (internal citation omitted). On remand in the Burr case, the Government initially proposed sweeping redactions that would have concealed most of the records' contents. When the *Times* pointed out that those redactions appeared not to be tethered to the justifications in the Government's brief, the district court ordered the Government to provide "specific explanation as to why *each* of the proposed redactions to [the relevant] paragraphs" was warranted under the common law and the Constitution. Minute Order, *In re Los Angeles Times Commc'ns LLC*, No. 1:21-mc-00016 (D.D.C. July 30, 2022).

When the Government complied, it became clear the Government sought to redact public information and other matter that could not properly be sealed; only after additional briefing ordered by the district court did the Government grudgingly propose "unsealing of the vast majority of the 49 pages of the Materials." Gov't's Additional Supplement at 1–2, *In re Los Angeles Times Commc'ns LLC*, No. 1:21-mc-00016 (Aug. 23, 2022).[1] In short, in the matter most closely analogous to this one, only after adversary briefing and repeated questioning by the court did the Government concede that most of the secrecy it sought could not be justified under governing law. *See* Chris Young, *Less Redacted Search Warrant Materials Shed New Light on Investigation of Sen. Richard Burr*, Reporters Comm. for Freedom of the Press (Sept. 9, 2022), https://www.rcfp.org/sen-burr-search-warrant-unsealing/ (hosting side by side the Government's initial proposal and the materials as ultimately unsealed). Plainly, much of that paragraph-by-paragraph back-and-forth would have been impossible if the Government had been entitled to conceal the scope and context of its redactions.

For these reasons and those given in Applicants' prior briefing, this Court should review with considerable skepticism not only the specific redactions the Government

---

[1] If this Court similarly finds that legal questions arise in its review of the Government's redactions that would benefit from adversary presentation—such as the standard for determining whether information is grand jury material protected by Rule 6(e)—Applicants would welcome an opportunity to brief such issues. *See In re Grand Jury Investigation*, 610 F.2d 202, 217 (5th Cir. 1980) (statements that are prepared "based on knowledge of the grand jury proceedings" are not themselves protected by Rule 6(e) if they do not "reveal the grand jury information on which [they are] based").

proposes to its opposition briefing, but also the Government's request that the Court take an unprecedented procedural approach to this litigation—one that would impede Applicants' ability to aid the Court in striking the balance Circuit law requires. *See In re Capital Cities/ABC, Inc.'s Application for Access to Sealed Transcripts*, 913 F.2d 89, 95 (3d Cir. 1990) (news organization unfairly prejudiced by denial of any "information concerning the government interests that would enter into the [unsealing] analysis").

## II. The Government's proposal advances no legitimate interest.

Just as fundamentally, compiling information from the Government's briefs into a new judicial record rather than implementing redactions would deliver no practical benefit. At the status conference, the Government suggested that the public could infer sensitive information from the length of its proposed redactions—or even from the order of its argument headings—if its opposition briefing were unsealed. But it is difficult to see how: Knowing that the Government invoked witness confidentiality would not reveal the identity of any particular witness, and knowing that the Government invoked grand jury secrecy would not reveal the existence of any particular grand jury investigation.

The only explanation the Government offered is that the public could infer from the Government's invocation of *any* interest in sealing that the warrant materials exist. But courts "are not required to exhibit a naiveté from which ordinary citizens are free." *Dep't of Commerce v. New* York, 139 S. Ct. 2551, 2575 (2019) (internal quotation marks omitted). Unless the Government is positing that it raided the home of a sitting Congressman without a warrant, there is no question that the records exist for the reasons given in Applicant's papers. More broadly, the Government can never maintain deniability that a warrant was executed because Rule 41 requires that the warrant, receipt, and inventory be provided to the individual whose property was searched, *see* Fed. R. Crim. Proc. 41(c), and that warrant papers be filed with the court after its execution, *see* Fed. R. Crim. Proc. 41(d). For that reason, "the routine practice is to make warrant materials publicly available after a search has been executed and a return is available." *In re Application of N.Y. Times Co.*, 585 F. Supp. 2d 83, 89 n.8 (D.D.C. 2008). The Government's insistence on extraordinary secrecy here cannot be squared with that rule.

Applicants respectfully urge this Court to reject the Government's proposal and unseal the Government's opposition filings, subject—at most—to any tailored redactions for which the Government can show a compelling need on the specific facts of this case.

Dated: November 18, 2022          Respectfully submitted,

*s/ Katie Townsend*
Katie Townsend
Attorney-in-Charge
(S.D. Texas Bar. No. 3547279)
ktownsend@rcfp.org
Grayson Clary*
gclary@rcfp.org

REPORTERS COMMITTEE FOR
  FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, DC 20005
Phone: 202.795.9300
Facsimile: 202.795.9310

*\* Admitted pro hac vice*

*Counsel for Applicants The Associated Press, Gannett Co., Inc., Gray Media Group, Inc., Hearst Corporation, and The Texas Tribune*

## CERTIFICATE OF SERVICE

      I, Katie Townsend, hereby certify that on the 18th day of November, 2022, a copy of the foregoing was filed electronically using this Court's CM/ECF system.

Dated: November 18, 2022          Respectfully submitted,

                                      *s/ Katie Townsend*
                                      Katie Townsend
                                      REPORTERS COMMITTEE FOR
                                        FREEDOM OF THE PRESS

                                      *Counsel for Applicants The Associated Press, Gannett Co., Inc., Gray Media Group, Inc., Hearst Corporation, and The Texas Tribune*