```
 1                IN THE UNITED STATES DISTRICT COURT
 2               FOR THE SOUTHERN DISTRICT OF TEXAS
 3                         LAREDO DIVISION
 4  IN RE: ASSOCIATED PRESS, ET AL §   CASE NO. 5:22-MC-00111
                                   §   LAREDO, TEXAS
 5  VERSUS                         §   THURSDAY,
                                   §   DECEMBER 15, 2022
 6  UNITED STATES OF AMERICA       §   10:01 A.M. TO 10:24 A.M.
```

### STATUS CONFERENCE (VIA ZOOM)

BEFORE THE HONORABLE ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

```
    APPEARANCES:                        SEE NEXT PAGE
    ELECTRONIC RECORDING OFFICER: VANESA ARANDA
    CASE MANAGER:                       RUBEN CASTRO
```

TRANSCRIPTION SERVICE BY:

JUDICIAL TRANSCRIBERS OF TEXAS, LLC
935 Eldridge Road, #144
Sugar Land, TX 77478
281-277-5325
www.judicialtranscribers.com

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

```
 1                        APPEARANCES (VIA ZOOM):

 2

 3  FOR ASSOCIATED PRESS, ET AL:   REPORTERS COMMITTEE FOR
                                   FREEDOM OF THE PRESS
 4                                 Grayson Clary, Esq.
                                   KatieLynn Boyd Townsend, Esq.
 5                                 1156 15th Street NW
                                   Suite 1020
 6                                 Washington, DC  20005
                                   202-795-9300
 7

 8  FOR THE UNITED STATES OF
    AMERICA:                       US DOJ-CRM
 9                                 Celia R. Choy, Esq.
                                   Nicholas Wu, Esq.
10                                 Public Integrity Section
                                   1301 New York Ave. NW
11                                 Ste. 10th Floor
                                   Washington, DC  20530
12                                 202-875-1557

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1 **LAREDO, TEXAS; THURSDAY, DECEMBER 15, 2022; 10:01 A.M.**

2 THE COURT: Okay. Let's go on the Record.

3 Good morning, everyone. This is the United States
4 District Court for the Southern District of Texas. I'm
5 Judge Andrew Edison presiding.

6 We're here this morning on Case 5:22-MC-00111,
7 In Re: Associated Press.

8 Who do we have for the Applicants?

9 MR. CLARY: Grayson Clary for the Applicants, Your
10 Honor, with my colleague, Katie Townsend.

11 THE COURT: Good to see you all.

12 And for the United States?

13 MS. CHOY: Good morning, Your Honor. Celia Choy
14 from the Department of Justice.

15 THE COURT: Ms. Choy, good to see you, as well.

16 Thanks for joining me on relatively short notice.
17 This will hopefully be short and sweet. Obviously we have
18 the Application to Unseal that's pending, the Government
19 filed a Response. We sort of have a detour, if you will,
20 there's some questions about what should or shouldn't be
21 unsealed with respect to the Response. Obviously now we've
22 got to get to the ultimate issue in the case. We've got the
23 Application. We've got a Response and fairness obviously
24 dictates that the Applicants get a chance to Reply.

25 The reason I just wanted to have this hearing is

1 you tell me when you want to file a Reply.

2 It's -- I totally defer to you. We have the
3 Holidays coming up. I don't mean to put anyone under any
4 time pressure in the Holidays. In fact, I personally feel
5 comports in a timely (indiscernible) for the Holidays so I
6 don't know how much time you need. But in effect, whatever
7 time you want, whether it's tomorrow or if it's within two
8 months, I'm going to give you whatever you want.

9 MR. CLARY: We appreciate that, Your Honor. Happy
10 to touch on the briefing. So on the nearest one
11 (indiscernible) after that (indiscernible).

12 THE COURT: Not -- absolutely.

13 MR. CLARY: In terms of timing, I think seven days
14 from today -- you know, the standard timeline under the
15 Local Rules (indiscernible) so Thursday, December 22nd, if
16 that sounds reasonable to the Court.

17 THE COURT: Let's make it Friday, December 23rd.

18 MR. CLARY: That works, too. Thank you, Your
19 Honor.

20 THE COURT: And then --

21 MR. CLARY: The other --

22 THE COURT: -- go ahead. I'm sorry.

23 MR. CLARY: Oh, the other point we just wanted to
24 call the Court's attention to is on Monday before the Court
25 ruled on that one additional redaction that the Government

1  requested, the Government -- for reasons that aren't clear
2  to us -- sent my co-counsel and I an unredacted copy of that
3  notice.
4          We have not shared the underlying information with
5  our clients, but we wanted to draw the Court's attention to
6  it for two reasons.  One is that that redaction goes to an
7  issue we were planning to brief on, Reply in any event, for
8  reasons that I'm sure the Court can understand, and we want
9  to avoid a situation where the Government is suggesting that
10 we derived improper advantage from having access to that
11 information.
12         And then the second raises -- we raise it, is we
13 don't think that redaction is justified.  Partly for reasons
14 that I think will be clear to the Court from our Reply, but
15 also because the Government disclosed it to us voluntarily
16 under conditions that there was no protective order or
17 sealing order that would have prevented us from distributing
18 it.
19         So we think for that reason alone, the presumption
20 of access would require that that particular redaction be
21 lifted.
22         THE COURT:  Okay.  You catch me cold on this one.
23 I'm not sure if Ms. Choy was aware of this?
24         MS. CHOY:  If I may, Your Honor?
25         It was my understanding from the notice that Your

1  Honor had filed that you had served the proposed redaction
2  on counsel for the Applicant.  I received a notice stating
3  that copies had been served on Ms. Townsend and Mr. Clary.
4          And so based on that understanding, and also that
5  -- so the redaction was under seal at that time, we need to
6  (indiscernible) them.  So based on that understanding, I was
7  under the impression that the counsel for the Applicants
8  already were aware of that -- those three words that we
9  suggested be redacted.  And that's for based on
10 (indiscernible), I thought there was no depositions do not
11 *ex parte* because I thought that they already had that
12 information.
13         THE COURT:  Okay.
14         MS. CHOY:  So it was --
15         MR. CLARY:  (Indiscernible).
16         THE COURT:  I gotcha.  Just so the Record is
17 clear, my proposed redactions were not sent to the other
18 side.  In fact, I made sure that -- we took extra
19 precautions to make sure that -- you know, as I promised
20 what I was going to do was obviously I thought certain
21 redactions should be made.  I thought my Order explaining
22 why should be made public, but respecting the Government's
23 request to basically give them the opportunity to appeal
24 whatever decision, I held that under seal until obviously on
25 Monday.  I think the Government indicated it was not going

1  to appeal.
2             I understand the issue.  I guess I'm curious --
3  you know, I wonder -- I guess I'm hoping the parties could
4  talk about it and figure out a way to -- you know, the three
5  magic words, how to -- what to do with that or not do it,
6  but I'm not sure what else I do right now as I sit here
7  today.
8             MS. CHOY:  Well, Your Honor --
9             THE COURT:  I'm just balancing this out.  I'm just
10 thinking this out loud.  I'm just trying to think out loud.
11 Like, you know, what do I do right now?
12            MS. CHOY:  It's (indiscernible) communication,
13 Your Honor, and I may have been (indiscernible), so I have
14 been proceeding under the assumption that your proposed
15 redactions were under seal, but that you had provided them
16 to opposing counsel and so it was my intention that that
17 information remain under seal.
18            So I'd ask Your Honor that you order that they not
19 disclose that information, and I think it's within your
20 power to seal that unredacted version that we can serve on
21 them.
22            MR. CLARY:  We would object to that, Your Honor.
23 I mean, there isn't a protective order in place in this case
24 that would have in any way restricted us the moment we got
25 that email from sharing with our clients.  We refrained out

1 of respect for the Court's (indiscernible).

2      So from our perspective, I understand where the
3 confusion came from.  The Docket did inadvertently indicate
4 that your Order, although not the redaction, was provided to
5 my co-counsel when it wasn't.  But in the absence of some
6 kind of sealing order or protective order there in the first
7 instance, I think in a lot of clearing cases like this, that
8 kind of inadvertent disclosure was never the rationale for
9 it.  This initiates the issue of secrecy and (indiscernible)
10 and as long as the law requires (indiscernible) to unseal
11 that one.

12      THE COURT:  To be honest, I'm not sure what to do
13 right now.  I guess I've got to give it some thought.

14   (Pause in the proceedings.)

15      THE COURT:  All righty.  I didn't see this coming
16 this morning.

17      MR. CLARY:  It's a procedurally interesting case.

18    (Laughter.)

19      THE COURT:  I'm just going to be honest.  I'm
20 curious.  Does anyone want to think on this?  I guess I sort
21 of may want to think about this, or do I just got to decide
22 to unseal or seal?

23      MR. CLARY:  I mean, we would be happy to meet and
24 confer with the Government separately and see if the parties
25 can come to an agreement, then file something that at least

1  reflects the parties' respective positions on the issue if
2  it would be helpful to the Court?
3          MS. CHOY:  That would be fine with the Government,
4  Your Honor.
5          THE COURT:  How much time do you want to do that?
6          I guess here's really the question:  Do you want
7  to do that today/tomorrow?  Or would it be helpful if I put
8  you in a zoom room to talk among yourselves now and then
9  come back or -- I'll do whatever you-all want.
10         MR. CLARY:  My co-counsel and I believe would be
11 available to talk now.
12         MS. CHOY:  I'm available now.
13         THE COURT:  Okay.  Let me do this then.  Let me --
14 I'll put you in a zoom room here for a couple of minutes.
15 Let you chat and then just I think (indiscernible) either
16 ask for help or get help because as soon as you do, I assume
17 what I'll do is I'll just close the rooms and we'll come
18 back and obviously have a good session.
19         So I'm going to -- in a second as soon as I go off
20 the Record, I'm going to put you-all in a zoom room.  If you
21 would just accept and go talk for a second then we'll come
22 back.
23         So we're off the Record.
24     (Recess taken from 10:11 a.m. to 10:22 a.m.)
25                         AFTER RECESS

1          THE COURT:  Okay.  Let's go back on the Record.
2  Sorry about that.  I'm not sure how long you've had -- I
3  walked in the other room for a moment, came back and saw the
4  button flashing.
5          Talk to me.
6          MR. CLARY:  I think we were able to reach
7  agreement on a course of action that makes sense to the
8  Court.  I think both parties --
9          THE COURT:  Let me just say this, Mr. Clary, if
10 the parties are agreed, I agree.
11         MR. CLARY:  The parties would propose that the
12 Court defer ruling on our objection to that one redaction
13 until it's had the opportunity to rule on the merits of the
14 Application.  And in the meantime, we will find a way of
15 writing around it in our Reply without revealing what that
16 redaction says.
17         THE COURT:  Understood completely.  I will grant
18 that request and I greatly appreciate it.
19         And just so the Record is clear -- and I apologize
20 for the confusion -- obviously these proposed redactions, I
21 had those sealed.  My understanding now as I've checked it,
22 that apparently the notice that was sent out indicated that
23 a copy had been sent to Mr. Clary and Ms. Townsend and then
24 in about five minutes it was changed, but I understand the
25 confusion and I apologize for that.  But I really appreciate

1  both sides working together.
2          So just so we're clear, the Applicants will file
3  the Reply on the 23rd.  We'll get on it, try to get a ruling
4  after I've reviewed everything as quickly as possible and I
5  wish everyone a Great Holiday Season and happiness, health,
6  and prosperity in the New Year.
7          So thank you all very much.
8          Anything else we need to address any further from
9  either side?
10         MR. CLARY:  Nothing from us, Your Honor.
11         MS. CHOY:  Nothing from the Government, Your
12 Honor.
13         THE COURT:  Okay.  Thanks so much.  Have a great
14 day and Great Holiday Season.
15         We're off the Record.  Thank you.
16         MS. CHOY:  Thank you, Your Honor.
17         MR. CLARY:  Thank you.
18    (Hearing adjourned at 10:24 a.m.)
19
20
21
22
23
24
25                        * * * * *

1         *I certify that the foregoing is a correct*
2 *transcript to the best of my ability from the electronic*
3 *sound recording of the ZOOM/video/telephonic proceedings in*
4 *the above-entitled matter.*
5 */S/ MARY D. HENRY*
6 *CERTIFIED BY THE AMERICAN ASSOCIATION OF*
7 *ELECTRONIC REPORTERS AND TRANSCRIBERS, CET**337*
8 *JUDICIAL TRANSCRIBERS OF TEXAS, LLC*
9 *JTT TRANSCRIPT #66645*
10 *DATE FILED:  DECEMBER 22, 2022*
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25